THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| EARL L. BARNES,<br><br>    Petitioner,<br><br>v.<br><br>MIKE HADDON,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS PETITION**<br><br>Case No. 2:20-CV-264-RJS<br><br>Chief District Judge Robert J. Shelby |

  This federal habeas petition, (ECF No. 1), is brought under 28 U.S.C.S. § 2241 (2021), "used to attack the execution of a sentence," *McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Petitioner states his challenges involve execution of sentence, but they are really to the sentence itself--i.e., the choice of life sentence without parole instead of death penalty and the structure of Utah's statutory indeterminate-sentencing scheme.[1] The Court thus construes the petition as one under § 2254. *See McIntosh*, 115 F.3d at 811 (stating "§ 2254 habeas . . . proceedings . . . are used to collaterally attack the validity of a . . . sentence").

  Respondent moves to dismiss, (ECF No. 7), arguing the petition was filed past the federal period of limitation, 28 U.S.C.S. § 2244(d) (2021). Petitioner opposes the motion. (ECF No. 9.) The motion to dismiss is now granted.

---

[1] Petitioner also vaguely refers to the effect of budget cuts on his sentence, but the Court cannot make sense of this argument and so disregards it going forward.

## RELEVANT TIMELINE

• 6/18/03 – Petitioner sentenced to life without parole. (ECF No. 7-4.)

• 7/18/03 – Deadline passed to file appeal; judgment of conviction final. *See* Utah R. App. P. 4(a) ("[T]he notice of appeal . . . shall be filed . . . within 30 days after the date of entry of the judgment or order appealed from.").

• 6/23/04 – State post-conviction petition filed. (ECF No. 7-5.)

• 11/4/04 – Dismissal of state post-conviction petition affirmed by Utah Court of Appeals. (ECF No. 7-6.)

• 12/6/04 – Deadline passed for filing certiorari petition with Utah Supreme Court. *See* Utah R. App. P. 48(a) (stating "petition for a writ of certiorari must be filed with the Supreme Court clerk within 30 days after the Court of Appeals' final decision is issued").

• 8/27/12 – Second state post-conviction petition filed. (ECF No. 7-7.)

• 3/7/14 – Second state post-conviction petition denied. (*Id.*)

• 2/27/20 – Petitioner filed state motion to correct illegal sentence. (ECF No. 7-2, at 9.)

• 4/20/20 – Current petition filed. (ECF No. 1.)

## ANALYSIS

Federal statute sets a one-year period of limitation to file a habeas-corpus petition. 28 U.S.C.S. § 2244(d)(1) (2021). The period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). So, on July 18, 2003, when the time expired for Petitioner to file a notice of (direct) appeal, the one-year limitation period began running.

2

### A. Statutory tolling

The limitation period "is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period." *May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C.S. § 2244(d)(2) (2021)). A "state postconviction application 'remains pending' 'until the application has achieved final resolution through the State's postconviction procedures.'" *Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (quoting *Carey v. Saffold,* 536 U.S. 214, 220 (2002)); *see Fisher v. Raemisch*, 762 F.3d 1030, 1032 (10th Cir. 2014). Once the post-conviction case ends in state court, the one-year limitation period begins to run again.

Tolling, however, does not revive the limitations period--i.e., restart the clock at zero. It serves only to suspend a clock that has not already run. *See Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). Thus, any time between when a petitioner's direct appeal becomes final and when a petition for state post-conviction relief is filed counts in the limitations period. And, any time between when the state post-conviction action concludes and before a petitioner's habeas petition is filed also counts toward the limitations period because state-collateral review only pauses the one-year period; it does not delay its start. *See McMonagle v. Meyer*, 766 F.3d 1151, 1159 (9th Cir. 2014) (J. Rawlinson, dissenting) ("Although filing of collateral proceedings may toll the running of the limitations period, it does not affect commencement of the running of the limitations period.").

In other words, time elapsing after a petitioner's conviction becomes final on direct review, but before a state post-conviction petition is filed, and time after final disposition of the petitioner's post-conviction proceedings, but before the filing of the federal habeas petition,

*aggregate* to count against the one-year-limitation period. *See Sutton v. Cain*, 722 F.3d 312, 316 n.6 (5th Cir. 2013) ("To calculate when the limitations period has run, we aggregate the time between (i) the date the petitioner's conviction became 'final' and the date the petitioner filed his state [post-conviction] application; and (ii) the date the state [post-conviction] process concluded and the date the petitioner filed his federal habeas petition.").

From the date Petitioner's conviction became final on July 18, 2003, the limitation period ran 341 days, when, on June 23, 2004 Petitioner filed his (ultimately unsuccessful) state post-conviction application and tolled the period. (ECF No. 7-5, at 1.) 24 days remained at that point. The state post-conviction action concluded on December 6, 2004, the day when time expired for Petitioner to file a certiorari petition in the Utah Supreme Court. *See Brooks-Gage v. Martin*, No. 21-7008, 2021 U.S. App. LEXIS 25578, at *5 (10th Cir. Aug. 25, 2021) (unpublished). The period began running on that day and expired 24 days later, on December 30, 2004.

Petitioner filed this federal action on April 20, 2020, (ECF No. 1)--more than fifteen years too late.[2]

### B. Equitable tolling

Petitioner possibly suggests his lateness is excused because he lacked legal resources and effective assistance of counsel.

"Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a

---

[2] Petitioner's more recent filings of a second state post-conviction petition (January 16, 2020) and a motion to correct illegal sentence (February 7, 2020) are not germane to the running or tolling of the federal period of limitation. *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (citation omitted) (stating "state court petition . . . filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled'"); *see also Fisher*, 262 F.3d at 1142-43 (same).

petition on time." *Calderon v. U.S. Dist. Ct.*, 128 F.3d 1283, 1288 (9th Cir. 1997) (citation omitted). Those situations include times "when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). And, Petitioner "has the burden of demonstrating that equitable tolling should apply." *Lovato v. Suthers*, 42 F. App'x 400, 402 (10th Cir. 2002) (unpublished). Petitioner has not argued actual innocence.

And, if he does argue extraordinary circumstances hampered him, Petitioner has not identified how during the running of the federal limitation period, between July 18, 2003 and June 23, 2004, and December 6, 2004 and December 30, 2004, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not let him--on his own--file even a skeleton petition by the deadline. Such vagueness is fatal to his hint that extraordinary circumstances kept him from a timely filing.

Still, Petitioner perhaps suggests his lateness should be overlooked because he lacked legal resources and knowledge and effective assistance of counsel. However, the argument that a prisoner had inadequate legal resources does not support equitable tolling. *McCarley v. Ward*, 143 F. App'x 913, 914 (10th Cir. 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted).

Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2021) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254.").

## CONCLUSION

Petitioner's habeas petition is untimely. And Petitioner has not met his burden of showing that--during the running of the federal period of limitation and beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008). Nor has he asserted his actual innocence. Petitioner thus has not established a basis for equitable tolling.

**IT IS ORDERED** that:

(1) Respondent's motion to dismiss is **GRANTED**. (ECF No. 7.)

(2) A certificate of appealability is **DENIED**.

(3) The Clerk of Court is directed to **CLOSE** this action.

DATED this 6th day of January, 2022.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Court